# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

CHARLES JONES,

                                    Plaintiff,

            - v -                                        Civ. No. 9:16-CV-0990
                                                              (MAD/DJS)
DONALD UHLER, *et al.*,

                                    Defendants.

**APPEARANCES:**                                **OF COUNSEL:**

CHARLES JONES
Plaintiff, *Pro Se*
97-A-3781
Attica Correctional Facility
Box 149
Attica, NY 14011

HON. ERIC T. SCHNEIDERMAN                        MARK G. MITCHELL, ESQ.
Attorney General of the State of New York        Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

On July 25, 2016, *pro se* Plaintiff Charles Jones commenced this civil rights action, pursuant to 42 U.S.C. § 1983, in which he asserts claims arising from his incarceration at Upstate Correctional Facility ("Upstate") in the custody of the Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1, Compl. Plaintiff specifically asserts (1) an Eighth Amendment conditions of confinement claim; and (2) a Fourteenth Amendment procedural due process claim, both based upon his confinement in a cell that was covered with a plexiglass shield.

*See id.*  Presently before the Court is Defendants' Motion to Dismiss, filed pursuant to FED. R. CIV. P. 12(b)(6).  Dkt. No. 13, Defs.' Mot. Dismiss.  Plaintiff has opposed the Motion and Defendants have filed a Reply.  Dkt. Nos. 17, Pl.'s Resp., & 18, Defs.' Reply.  For the reasons that follow, the Court recommends that Defendants' Motion be **granted**.

## I.  STANDARD OF REVIEW

On a motion to dismiss, the allegations of the complaint must be accepted as true.  *See Cruz v. Beto*, 405 U.S. 319, 322 (1972).  The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *See Retail Clerks Int'l Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754  (1963).  Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697 (citing *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

Where, as here, the complaint was filed *pro se*, it must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). Nonetheless, a *pro se* complaint must state a plausible claim for relief. *See Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, . . . matters to which the court may take judicial notice[,]" as well as documents incorporated by reference in the complaint. *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir.

1991) (citing Fed. R. Civ. P. 10(c)).

## II. SUMMARY OF THE COMPLAINT

On August 14, 2015, Plaintiff was transferred to Upstate from Great Meadow Correctional Facility. Compl. at ¶ 1. Plaintiff was "placed in a cell with a solid door with a plexi-glass shield over the front of the cell bars with a pad-lock to keep it shut closed." *Id.* at ¶ 2. Plaintiff claims that his confinement in a cell covered with a plexi-glass shield violates DOCCS regulations, as well as his constitutional rights. *See id.* at ¶ 5. DOCCS regulations provide that

> (b) Cell shields may be ordered for good cause, including but not limited to the reasons listed below:
>
>> (1) Spitting through the cell door, or the throwing of feces, urine, food, or other objects through the cell door.
>>
>> (2) The inmate refuses to keep his/her hands within the cell and/or otherwise attempts to assault or harass staff.
>>
>> (3) The inmate is so disruptive as to adversely affect the proper operation of the unit.
>
> (c) Use of the cell shield shall be ordered by the deputy superintendent for security. . . . The cell shield order shall be valid for no more than seven days and may be renewed . . . .

N.Y. Comp. Codes R. & Regs. tit. 7, § 305.6.

Plaintiff argues that the placement of the cell shield on his cell was inappropriate because he never received a misbehavior report for any of the acts listed in 7 N.Y.C.C.R. § 305(6)(b). *See* Compl. at ¶ 5.

Plaintiff first complained about the cell shield to the area supervisor as he conducted his rounds; the area supervisor told Plaintiff that the cell shield would remain in a closed position throughout his stay at Upstate for "security reasons." *Id.* at ¶¶ 3-4. On February 22, 2016, Plaintiff

filed a grievance[1] complaining about the cell shield. *Id.* at ¶ 5. This grievance was denied by the Inmate Grievance Resolution Committee ("IGRC"), and Plaintiff was advised that there were "no inappropriate cell shields on the cell at this time. Due to the design of the cell there is Plexiglass in place in a closed position on the doors." *See* Dkt. No. 13-2, Decl. of Mark Mitchell, Esq., dated Dec. 14, 2016, Ex. A at p. 4.[2] Plaintiff appealed his grievance to Defendant Donald Uhler, Superintendent of Upstate, who affirmed the decision of the IGRC, and then to the Central Office Review Committee ("CORC"), which also affirmed the decision of the IGRC. *Id.* at pp. 5-6. CORC advised Plaintiff that "SHU cells at Upstate CF have solid doors with Plexiglas [*sic*] windows, and that this does not constitute a cell shield." *Id.* at p. 6.

Plaintiff commenced this action against Defendant Uhler and Defendant Scott Woodruff, Deputy Superintendent of Security.[3] Compl. at ¶¶ 10-11. Plaintiff claims that he was unconstitutionally confined in a cell covered by a cell shield from August 14, 2015 through July 25, 2016, the date he filed the Complaint. *Id.* Plaintiff asserts that the cell shield caused him stress and anxiety attacks, loss of sleep and nightmares, and headaches and trouble breathing. *Id.* at ¶ 9. Plaintiff requests monetary damages. *See* Compl.

---

[1] In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"). First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). The IGRC reviews and investigates the formal complaint and then issues a written determination. *Id.* Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id.* at § 701.5(c). Finally, upon appeal of the superintendent's decision, the Cental Office Review Committee ("CORC") makes the final administrative determination. *Id.* at § 701.5(d).

[2] Defendants have included copies of Plaintiff's grievance and the dispositions of that grievance in their Motion papers. Mitchell Decl., Ex. A. Plaintiff refers to his grievance in the Complaint, and quotes from the decision of the IGRC. *See* Compl. at ¶¶ 6-8. Defendants' submissions are therefore incorporated by reference in the Complaint, and appropriately considered by the Court without converting Defendants' Rule 12 Motion to a Rule 56 motion for summary judgment. *See, e.g.*, *Islam v. Fischer*, 2008 WL 650380, at *2 (S.D.N.Y. Mar. 6, 2008).

[3] A third Defendant, Captain Zerniak, was dismissed in the initial review, conducted by the Honorable Mae A. D'Agostino, United States District Judge, pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Dkt. No. 4 at pp. 5-6.

# III. DISCUSSION

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Dkt. No. 13-3, Defs.' Mem. of Law.[4]

## A. Procedural Due Process Claim

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV § 1. To state a due process claim under § 1983, an inmate must first establish that he enjoys a protected liberty interest. *Arce v. Walker*, 139 F.3d 329, 333 (2d Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). Inmates' liberty interests are derived from two sources: (1) the Due Process Clause of the Fourteenth Amendment; and (2) state statute or regulations. *Id.*

With regard to liberty interests arising directly under the Due Process Clause, the Supreme Court has "narrowly circumscribed its scope to protect no more than the 'most basic liberty interests in prisoners.'" *Arce v. Walker*, 139 F.3d at 333 (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). The Due Process clause does not protect against "every change in the conditions of confinement having a substantial adverse impact" on inmates if those changes are "within the normal limits or

---

[4] Defendants additionally argue that the Complaint must be dismissed on the basis of Eleventh Amendment immunity insofar as Plaintiff only seeks monetary damages and Defendants are sued in their official capacities. Defs.' Mem. of Law at p. 9. An action for damages against a state official in his official capacity is barred under the Eleventh Amendment, *see Kentucky v. Graham*, 473 U.S. 159, 169 (1985), and thus Defendants are correct that Plaintiff's claims against them in their official capacities are properly dismissed. However, the Court does not agree with Defendants' assertion that "Plaintiff names Defendants Uhler and Woodruff in their official capacities *only*." Defs.' Mem. of Law at p. 9 (emphasis added). Plaintiff's Complaint does not specify whether Defendants are sued in their personal or official capacities, and where there is "doubt . . . as to whether an official is sued personally, in his official capacity or in both capacities, the course of the proceedings ordinarily resolves the nature of the liability sought to be imposed." *Rodriguez v. Phillips*, 66 F.3d 470, 482 (2d Cir. 1995). Here, the fact that Plaintiff seeks punitive damages, which are only available in personal capacity suits, and the fact that Defendants also claim qualified immunity, *see* Defs.' Mem. of Law at pp. 9-10, suggests that Defendants are being sued in their individual capacities. *See Yorktown Med. Lab., Inc. v. Perales*, 948 F.2d 84, 89 (2d Cir. 1991); *Shabazz v. Coughlin*, 852 F.2d 697, 700 (2d Cir. 1988).

range of custody which the conviction has authorized the state to impose." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). Instead, the Due Process Clause protects against restraints or conditions of confinement that "exceed[] the sentence in . . . an unexpected manner." *Id*. at 484.

In order to assert a state created liberty interest after *Sandin*, an inmate must establish that his confinement or restraint (1) created an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin*, 515 U.S. at 484, and (2) that the "state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint," *Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996).

In this case, the basis of Plaintiff's due process claim was his confinement in a cell that was covered by a closed plexiglass shield. Even accepting the truth of Plaintiff's allegations, however, he fails to state a due process claim because "courts in this Circuit have found that inmates do not have a constitutionally protected liberty interest in being confined in an unshielded cell." *Weathers v. Uhler*, 2014 WL 1056947, at *10 (N.D.N.Y. Mar. 18, 2014) (collecting cases); *see also Young v. Scully*, 1993 WL 88144, at *3 (S.D.N.Y. Mar. 22, 1993) (finding that 7 N.Y.C.C.R. § 305.6 does not create a liberty interest).

Accordingly, the Court recommends that Defendants' Motion to Dismiss Plaintiff's procedural due process claim be **granted**.

## B. Eighth Amendment Conditions of Confinement Claim

The Eighth Amendment protects prisoners from "cruel and unusual punishment" in the form of "unnecessary and wanton infliction of pain" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Among the guarantees of the Eighth Amendment is that prison officials must "provide humane conditions of confinement . . .

[and] must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Nonetheless, "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). In order to establish a valid conditions of confinement claim under the Eighth Amendment, a plaintiff must show that (1) objectively, the deprivation was sufficiently serious that it constituted a denial of the "minimal civilized measure of life's necessities," and (2) subjectively, the prison officials acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991). At the objective prong, "a prisoner must prove that the conditions of his confinement violate contemporary standards of decency." *Phelps v. Kapnolas*, As to the subjective prong, a plaintiff must demonstrate that the defendant acted with reckless disregard to a known substantial risk of harm. *Farmer v. Brennan*, 511 U.S. at 836. This requires "something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. at 835.

In this case, Plaintiff's Complaint lacks any allegations regarding the conditions he experienced due to the plexiglass shield covering his cell door window, much less allegations suggesting he was deprived of the "minimal civilized measure of life's necessities." Plaintiff therefore is unable to meet the objective prong of his Eighth Amendment claim, which requires a sufficiently serious deprivation. *See Morris v. Dann*, 1996 WL 732559, at *6 (N.D.N.Y. Dec. 11, 1996) (dismissing Eighth Amendment claim that was based upon installation of plexiglass shield); *see also Taylor v. Halladay*, 2010 WL 3120036, at *7 (N.D.N.Y. July 1, 2010) (finding that inmate failed to state Eighth Amendment claim based upon allegation that his cell window was covered). Accordingly, the Court recommends that Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim be **granted**.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 13) be **GRANTED** and this action be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[5] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: July 31, 2017
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[5] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).