**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CHARLES JONES,**

                               **Plaintiff,**

    vs.                                                **9:16-CV-00990
(MAD/DJS)**

**DONALD UHLER,** *Superintendent, Upstate Correctional Facility*; **SCOTT WOODRUFF,** *Deputy Superintendent of Security*, *Upstate Correctional Facility,*

                               **Defendants.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**CHARLES JONES
97-A-3781**
Attica Correctional facility
P.O. Box 149
Attica, New York 14011
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**         **HELENA LYNCH, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this civil rights action against Defendants Donald Uhler and Scott Woodruff, pursuant to 42 U.S.C. § 1983, asserting (1) an Eighth Amendment conditions of confinement claim, and (2) a Fourteenth Amendment procedural due process claim. Both of Plaintiff's claims arise from his confinement in a cell with a plexiglass shield covering the door during his incarceration at Upstate Correctional Facility. Dkt. No. 1. In

response to Plaintiff's complaint, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 13.

On July 31, 2017, Magistrate Judge Stewart recommended granting Defendants' motion to dismiss. *See* Dkt. No. 22. Specifically, Magistrate Judge Stewart found that Plaintiff failed to state a due process claim because "'courts in this Circuit have found that inmates do not have a constitutionally protected liberty interest in being confined in an unshielded cell.'" *Id.* at 7 (quoting *Weathers v. Uhler*, 2014 WL 1056947, *10 (N.D.N.Y. Mar. 18, 2014)) (other citations omitted). Next, Magistrate Judge Stewart recommended that the Court dismiss Plaintiff's conditions of confinement claim because the complaint lacks any allegations regarding the conditions he experienced due to the plexiglass shield covering his cell door window, much less allegations that he was deprived of the "minimal civilized measure of life's necessities." *Id.* at 8. As such, Magistrate Judge Stewart found that Plaintiff was unable to meet the objective prong of his Eighth Amendment claim. *See id.* Neither party objected to Magistrate Judge Stewart's Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Comm.s, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are integral to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim" with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[.]'" Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *Twombly*, 550 U.S. at 555, and present claims that are "plausible on [their] face." *Id.* at 570 (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," or where a plaintiff has "not nudged [her] claims across the line from conceivable to plausible, the . . . complaint must be dismissed[.]" *Twombly*, 550 U.S. at 558, 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In the present matter, the Court finds that Magistrate Judge Stewart correctly determined that the Court should grant Defendants' motion to dismiss. First, Magistrate Judge Stewart properly determined that Plaintiff failed to plausibly allege his due process claim because inmates do not have a constitutionally protected liberty interest in being confined in an unshielded cell. *See Weathers v. Uhler*, No. 9:12-cv-982, 2014 WL 1056947, *10 (N.D.N.Y. Mar. 18, 2014) (citations omitted). Moreover, even assuming the truth of his allegations, simply placing Plaintiff in a shielded cell does not constitute conduct that was "'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Okin v. Village of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 431 (2d Cir. 2009) (quotation omitted). Accordingly, the Court grants Defendants' motion to dismiss as to Plaintiff's due process claim.

Second, the Court finds that Magistrate Judge Stewart correctly determined that the Court should dismiss Plaintiff's Eighth Amendment conditions of confinement claim. Plaintiff's complaint lacks any allegations regarding the conditions he experienced due to the plexiglass shield covering his cell door window. Plaintiff's conclusory allegations fail to plausibly suggest that the conditions to which he was subjected violated "contemporary standards of decency," *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002), or that the conditions posed "an

4

unreasonable risk of serious damage" to Plaintiff's health or safety.  *See Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).  As such, the Court grants Defendants' motion to dismiss as to Plaintiff's Eighth Amendment conditions of confinement claim.

Having carefully reviewed Magistrate Judge Stewart's Report-Recommendation and Order, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Stewart's July 31, 2017 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 13) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 12, 2017
　　　　Albany, New York

Mae A. D'Agostino
U.S. District Judge